## Warren v. Fidelity Trust Company, Trustee.

### Appeal from Jefferson Circuit Court
### (Chancery Branch, First Division).

(Decided December 2, 1910.)

Trusts—Wills.—A testatrix by her will gave to her grandchild certain property which she directed should be held in trust for her benefit during her life, giving the trustee with her consent the power to sell property and re-invest the proceeds, and also giving her authority to dispose of the property by will, declaring that if she failed to so dispose of it, it should pass under the law of descent and distribution. In this action, the prayer of the devisee to have the trustee discharged and the property surrendered to her in fee, is denied.

DuRELLE & FLEECE for appellant.

GEO. WEISSINGER SMITH for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Esther Ann Barnett, the grandmother of the appellant, Esther Barnett Warren, died, leaving a will which was admitted to probate in 1885. Item one of the will constitutes the basis of this litigation, and is as follows:

"All property owned by me at my death, real, personal, mixed, bonds, stocks, and choses in action, shall be divided into two equal parts by my grandchildren, Ira S. Barnett and Esther Barnett, in such manner as they may desire.

"One of these shares I give and bequeath to my grandson, Ira S. Barnett, absolutely.

"In the other share shall be included the house and lot owned by me at the northeast corner of Eighth and Jefferson streets, Louisville, Ky., fronting about twenty-two (22) feet on Jefferson street, by a depth of say one hundred and sixty-five (165) feet, and the same conveyed my late husband, by deed recorded in deed book 151, page 223; this property, with twenty-five thousand dollars ($25,000), in bonds or stocks, market value, I devise and bequeath to Charles M. Thurston as trustee in trust as follows, viz: To hold the same and pay over the net income thereof to my granddaughter, Esther Barnett, for her sole, separate and exclusive use during her life. In the case of the death, resignation

or disability of said Thurston, said trusteeship shall pass to the Louisville Safety Vault and Trust Company, and in case of its resignation or disability, said trusteeship shall be filled by the Louisville Chancery Court; but the trustee appointed by said court shall be required to give security. Said trustee may, with the assent of my granddaughter, sell and convey said real estate absolutely, and in that event shall invest the proceeds of such sale in such securities or real estate, with the same power as shall be approved by my granddaughter, and pay her as above the net income. My granddaughter shall have no power to alien or encumber said property or fund, or anticipate its income. Said trustee may continue said fund in the investment composing it when received, or may change the same, and the written approval of my granddaughter shall be a full and complete sanction of any investment. My granddaughter shall have full power and authority to dispose of said property and fund by last will, but in default of such disposition it shall, at her death, pass to the same persons in the same proportion as if she owned it in fee. The balance of said other share I give in fee to my said granddaughter absolutely for her sole, separate and exclusive use.''

The appellant insisting that she was entitled to the estate devised to her freed from the trust, brought this action for the purpose of having the chancellor so declare. From the judgment declaring the trust to be valid and existing, this appeal is prosecuted.

The will leaves no doubt as to the intention of the testatrix. When she desired to give an estate in fee to her grandson, Ira S. Barnett, she said so in apt words. When she desired to create a life estate as in the devise to her granddaughter, Esther Barnett, she was equally clear in expressing her purpose. It will be observed that it is declared that the estate given to Esther Barnett, the appellant, shall be held in trust during the entire life of the devisee, she not having the right to receive any part of the principal of the estate, only the net income for life was given to her absolutely. It is true that the trustee with the assent of Esther Barnett had the right to sell and convey the estate, but this right is coupled with the provision that the proceeds are to be invested and held in the same manner as the property mentioned in the will. To remove any possible doubt as to the intention of the testatrix, she further provided

that Esther Barnett should have no power to alien or encumber the property, except to dispose of it by will, and if she failed to exercise this power of disposition, then it passed under the statute of descent and distribution. There seems no escape from the conclusion that Esther Barnett has no interest in this estate except the right to the income for life, and the right to dispose of it by will. To declare the estate freed from the trust and surrender it in fee to .the devisee, would set at naught the plainly expressed intention of the testatrix. The question here presented was directly before the court in Gibson, Trustee v. Dubourg, 22 Ky. Law Rep., 351, and Lee v. Fidelity Trust & Safety Vault Co., 22 Ky. Law Rep., 311. In each of these cases the will was almost identical with the will involved in this case, and in each case the court held that the devisee only took a life estate.

Wherefore the judgment of the lower court is affirmed.